Citation Nr: 1714083 
Decision Date: 04/28/17 Archive Date: 05/05/17

DOCKET NO. 06-16 512 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in San Juan, the Commonwealth of Puerto Rico


THE ISSUES

1. Entitlement to service connection for a lumbar spine disorder, to include as secondary to service-connected cervical spine disorder.

2. Entitlement to service connection for bilateral upper extremity neuropathy, to include as secondary to service-connected cervical spine and right shoulder disorders.

3. Entitlement to an initial evaluation in excess of 10 percent for a right shoulder disorder prior to July 21, 2008; in excess of 20 percent from July 21, 2008, through April 12, 2010; and in excess of 20 percent since November 1, 2010.

4. Entitlement to an initial evaluation in excess of 10 percent for a cervical spine disorder prior to July 21, 2008; and in excess of 20 percent thereafter.

REPRESENTATION

Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

C. Howell, Associate Counsel


INTRODUCTION

The Veteran had active duty service from January 1980 to December 1982; and from October 2003 to July 2004. He also served in the National Guard.

This matter initially came before the Board of Veterans' Appeals (Board) on appeal from a rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in San Juan, the Commonwealth of Puerto Rico (Agency of Original Jurisdiction (AOJ)). In preparing to decide the issue on appeal, the Board has reviewed the contents of the Veteran's electronic files, including Virtual VA and Veterans Benefit Management System (VBMS) claims files. Some relevant VA treatment records are located in Virtual VA, and all records are now in these electronic systems.

In September 2014 and January 2016, the Board remanded the claim for further development. The appeal has now been returned to the Board for further appellate consideration.

In August 2016, the Veteran submitted a waiver of initial review by the AOJ for further evidence submitted concerning this appeal. See 38 C.F.R. § 20.1304(c) (2016).

This appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

Upper Extremity Neuropathy

The Veteran seeks entitlement to service connection for bilateral upper extremity neuropathy, to include as secondary to service-connected cervical spine and right shoulder disorders. He currently has diagnoses of bilateral carpal tunnel syndrome and ulnar nerve entrapment. See May 2016 VA Examination. Shortly after service, the Veteran complained to a VA examiner of right-hand numbness and tingling that began in service following a fall in which he injured his right shoulder. See August 2005 VA Examination; see also February 2011 VA Examination (noting numbness, weakness, tingling and swelling of the hand with an onset date of 2004). The Veteran continued to seek VA treatment for hand numbness. See, e.g., October 2006 VA Treatment Records; February 2011 VA Examination; March 2013 VA Examination; May 2016 VA Examination. 

Despite the Veteran's consistent reports of numbness beginning in service following an in-service fall and his continuous post-service complaints, VA examiners have opined that the Veteran's neuropathy is unrelated to service, in part, because of the lack of medical evidence in service. The Veteran is competent, however, to report symptoms of numbness, and the Board finds him credible in this regard. See Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007). Remand is thus required for a medical opinion as to whether the Veteran's current complaints of numbness are related to the numbness he experienced in service.

Right Shoulder and Cervical Spine Disorders 
 
The Veteran's right shoulder disorder is rated as 10 percent disabling prior to July 21, 2008; in excess of 20 percent from July 21, 2008, through April 12, 2010; and in excess of 20 percent since November 1, 2010; with temporary total evaluations for surgery from April 13, 2010, to October 31, 2010. His cervical spine disorder is rated as 10 percent disabling prior to July 21, 2008; and in excess of 20 percent thereafter.

In May 2016, the Veteran underwent a VA examination for both his right shoulder and cervical spine disorders. The VA examination included initial and repetitive range of motion measurements for both shoulders and his cervical spine. The United States Court of Appeals for Veterans Claims (CAVC) in Correia v. McDonald, 28 Vet. App. 158 (2016), held that the final sentence of 38 C.F.R. § 4.59 requires that VA examinations include joint testing for pain on both active and passive motion, in weight-bearing and nonweight-bearing and, if possible, with range of motion measurements of the opposite undamaged joint. Thus, the CAVC's holding in Correia establishes additional requirements that must be met prior to finding that a VA examination is adequate. The issues of the right shoulder and cervical spine disorders are remanded as the record does not reflect that the Veteran has been afforded an adequate VA examination as discussed in Correia.

Lumbar Spine Disorder

The Veteran also seeks entitlement to service connection for a lumbar spine disorder, to include as secondary to service-connected cervical spine disorder. During a May 2016 VA examination, the examiner diagnosed him lumbar degenerative disc changes and intervertebral disc syndrome with no episodes requiring bed rest in the past 12 months. In opining on the etiology of the Veteran's lumbar spine disorder, the examiner indicated that the condition was less likely than not related to a service-connected condition or proximately due to or the result of cervical spine disability. Further, the examiner provided a general rationale of contributing factors to degenerative changes in the spine, but did not provide a rationale specific to the Veteran.

Additionally, the January 2016 Board remand contained the following instruction:

For any lumbar spine disorders found, the examiner must opine whether those disorders found more likely, less likely, or at least as likely as not (50 percent or greater probability) began in or are otherwise related to military service, to include any fall therein.

The remand also contained instructions to discuss August 2005, February 2011, and March 2013 VA examinations, and discuss lay statements regarding the onset and continuation of the symptomology. The May 2016 VA examination did not comply with these remand instructions. 

In this case, a remand is necessary to ensure compliance with the Board's January 2016 remand. See Stegall v. West, 11 Vet. App. 269, 271 (1998) (holding that a remand by the Board confers on the claimant, as a matter of law, the right to compliance with the remand orders). Upon remand, VA must obtain an addendum opinion regarding the etiology of the lumbar spine disorder that complies with these remand instructions, clarifies the opinion concerning secondary service connection, and provides a rationale for the opinions expressed that is specific to the Veteran.

Accordingly, the case is REMANDED for the following action:

1. Associate with the claims folder VA treatment records since August 2016.

2. Thereafter, the Veteran should be afforded a VA examination to address the current severity of his right shoulder and cervical neck disabilities. The examiner must review the physical and electronic claims file including the Veterans Benefits Management System and Virtual VA files and note such review in the examination report. 
 
The examiner must address the severity and effects of the Veteran's disability. In particular, the VA examination must include range of motion testing for both shoulders and the cervical spine in the following areas:

• Active motion;
• Passive motion;
• Weight-bearing; and
• Nonweight-bearing.

If the examiner is unable to conduct the required testing or concludes that the required testing is not necessary in this case, he or she should clearly explain why that is so.

The examiner should note any functional limitation caused by the right shoulder disorder and the cervical neck disorder. 
 
All opinions expressed by the examiner must be accompanied by a complete rationale, with citation to relevant medical findings.

3. After completing step 1, VA should provide the Veteran with a medical opinion with regard to upper extremity neuropathy and a lumbar spine disorder, conducted by an appropriate medical opinion provider. The need for a new VA examination is left to the discretion of the VA medical opinion provider. The examiner must review the physical and electronic claims file including the Veterans Benefits Management System and Virtual VA files and note such review in the examination report. The examiner should address the following:

a) The examiner must opine as to whether any diagnosed lumbar spine disorders is at least as likely as not (50 percent or greater probability) related to military service, to include any fall therein. 

b) Opine as to whether any diagnosed lumbar spine disorder is at least as likely as not (50 percent or greater probability) etiologically related to or aggravated by the service-connected cervical spine disability or a service-connected right shoulder disorder (which was previously diagnosed as a right rotator cuff strain).

c) Opine as to whether any diagnosed upper extremity neuropathy disorder is at least as likely as not (50 percent or greater probability) related to military service, to include any fall therein or complaints of hand numbness in service. THE EXAMINER IS ADVISED TO ACCEPT AS FACT THAT THE VETERAN SUFFERED FROM HAND NUMBNESS IN SERVICE THAT CONTINUED THEREAFTER.

d) Opine as to whether any diagnosed upper extremity neuropathy disorder is at least as likely as not (50 percent or greater probability) etiologically related to or aggravated by the service-connected cervical spine disability or a service-connected right shoulder disorder (which was previously diagnosed as a right rotator cuff strain). The examiner should specifically address the March 2013 examiner's conclusions that the Veteran's numbness and other neurological symptomatology were the result of the Veteran's bilateral rotator cuff tears.

In rendering opinions, the examiner must specifically accomplish the following items:

* Address the Veteran's reports that his low back pain began in service, and that he had a fall in service (see August 2005 and February 2011 VA Examinations);
* Accept as fact that the Veteran suffered hand numbness in service that continued thereafter (See August 2005 VA Examination; February 2011 VA Examination; October 2006 VA Treatment Records; February 2011 VA Examination; March 2013 VA Examination; May 2016 VA Examination);
* Address the findings in the August 2005, February 2011, and March 2013 VA examinations (including that the Veteran's numbness and other symptomatology were the result of the Veteran's bilateral rotator cuff tears); and
* Provide a rationale for the opinions reached based specifically on the Veteran's medical records and diagnoses.

If the examiner feels that the requested opinion cannot be rendered without resorting to speculation, he or she should state whether the need to speculate is caused by a deficiency in the state of general medical knowledge (i.e., no one could respond given medical science and the known facts), by a deficiency in the record (i.e., additional facts are required), or by the examiner himself or herself (because he or she does not have the needed knowledge or training).

4. After completing the actions detailed above, readjudicate the claims remaining on appeal. If the claims are not granted in full, a supplemental statement of the case must be provided to the Veteran and his representative. After the Veteran and his representative have had an adequate opportunity to respond, the appeal must be returned to the Board for appellate review.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



______________________________________________
A. S. CARACCIOLO
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).